No. 22-20517

# In the United States Court of Appeals for the Fifth Circuit

**Elimelech Shmi Hebrew,**
*Plaintiff - Appellant*

v.

**Texas Department of Criminal Justice,**
*Defendant - Appellee*

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
Civil Action No. 4:21-CV-2929

## BRIEF OF APPELLEE
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for
Civil Litigation

SHANNA E. MOLINARE
Assistant Attorney General
Chief, Law Enforcement Defense

MARLAYNA M. ELLIS*
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78701
(512) 475-3079
marlayna.ellis@oag.texas.gov

*Counsel of record

COUNSEL FOR DEFENDANT-APPELLEE

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellee: | Counsel for Appellee: |
|---|---|
| Texas Department of Criminal Justice | Assistant Attorney General Marlayna M. Ellis of the Office of the Texas Attorney General Austin, TX |

| Appellant: | Counsel for Appellant: |
|---|---|
| Elimelech Hebrew | *Pro se* Elimelech Hebrew Houston, TX |

/s/ *Marlayna M. Ellis*
**MARLAYNA M. ELLIS**
Assistant Attorney General
Attorney of Record for Appellee

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary because the dispositive issues in this case have been authoritatively decided, the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. FED. R. APP. P. 34 (a)(2). Should the Court advise that oral argument would aid in the Court's review, undersigned counsel will gladly participate.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................................. i

STATEMENT REGARDING ORAL ARGUMENT ........................... ii

TABLE OF CONTENTS ............................................................ iii

TABLE OF AUTHORITIES ........................................................iv

STATEMENT OF THE ISSUES .....................................................v

STATEMENT OF THE CASE .......................................................v

SUMMARY OF THE ARGUMENT ................................................3

ARGUMENT ..........................................................................4

    A.    Hebrew failed to present evidence that TDCJ's grooming policies were pretext for religious discrimination. ........................................................... 5

    B.    Hebrew failed to present a genuine issue of material fact as to whether his religious beliefs could have been reasonably accommodated by TDCJ.... 9

CONCLUSION..........................................................................12

NOTICE OF ELECTRONIC FILING..............................................12

CERTIFICATE OF SERVICE .......................................................13

CERTIFICATE OF COMPLIANCE ...............................................14

# TABLE OF AUTHORITIES

**Cases**......................................................................................................**Pages(s)**

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) ................................................................................... 7

*Ansonia Bd. of Educ. v. Phillbrook,*
479 U.S. 60 (1986) ................................................................................... 11

*Antoine v. First Student, Inc.,*
713 F. 3d 824 (5th Cir. 2013) ............................................................. 11, 12

*Brown v. Wal-Mart Stores East, L.P.,*
969 F.3d 571 (5th Cir. 2020) ..................................................................... 6

*Bruff v. N. Miss. Health Servs., Inc.,*
244 F.3d 495 (5th Cir. 2001) ..................................................................... 8

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) ................................................................................... 7

*Conkling v. Turner,*
18 F.3d 1285 (5th Cir. 1994) ..................................................................... 7

*Eason v. Thaler,*
73 F.3d 1322 (5th Cir. 1996) ............................................................... 7, 10

*Mayberry v. Vought Aircraft Co.,*
55 F. 3d 1086 (5th Cir. 1995) ............................................................ 7, 8, 9

*McDonnell Douglas Corp. v. Green,*
411 U.S. 792 (1973) ................................................................................... 7

*Tagore v. U.S.,*
735 F.3d 324 (5th Cir. 2013) ............................................................... 8, 11

*Trans World Airlines, Inc. v. Hardison,*
432 U.S. 63 (1977) ................................................................................... 11

*Turner v. Kan. City S. Ry. Co.*,
   675 F. 3d 887 (5th Cir. 2012) ................................................................. 7, 8, 9

*Weber v. Roadway Express, Inc.*,
   199 F.3d 270 (5th Cir. 2000) ................................................................. 11

**Statutes**

Civil Rights Act of 1964 ("Title VII") ........................................................... 2

**Rules**

Fed. R. App. P. 32(a)(5) ................................................................................ 16

Fed. R. App. P. 32(a)(6) ................................................................................ 16

Fed. R. App. P. 32(a)(7)(B) ........................................................................... 16

Fed. R. App. P. 32(f) ..................................................................................... 16

Fed. R. App. P. 34 (a)(2) ............................................................................... ii

Fed. R. Civ. P. 56(a) ...................................................................................... 6

Fed. R. Civ. P. 56(c) ...................................................................................... 7

## STATEMENT OF THE ISSUES

1. Whether the district court erred in granting summary judgment in favor of TDCJ when Hebrew failed to prove TDCJ's grooming policies were pretext for religious discrimination.

2. Whether the district court erred in granting summary judgment in favor of TDCJ when Hebrew's requested accommodation posed an undue hardship on TDCJ.

## STATEMENT OF THE CASE

Elimelech Shmi Hebrew ("Hebrew") was conditionally hired as a Correctional Officer with the Texas Department of Criminal Justice ("TDCJ"). ROA.462. The Correctional Officer's essential responsibility is to provide custody and security within the prison. ROA.464. Hebrew was sent a conditional offer of employment, which required him to attend TDCJ's Pre-Service Training Academy. ROA.464. Hebrew was sent the Training Academy packet, which included TDCJ's grooming policy. ROA.464. TDCJ's grooming policy does not allow hair that extends below the top of the uniform collar and prohibits beards for officer safety and prison security. ROA.470; ROA.544-560.

Hebrew arrived at TDCJ's training academy with long locked hair and a long beard down to his waist. ROA.465. Hebrew was informed that his long hair and beard were contrary to TDCJ's grooming policy. ROA.465. Hebrew stated that his long hair and beard were because of his religion. ROA.465. Hebrew was given a Request for

1

Religious Accommodation form to fill out. ROA.465. Hebrew submitted the form, citing his Nazarite ow of long locks and beard as his requested accommodation. ROA.465. Hebrew's religious accommodation request was denied, and the denial letter explained why his request for long locks and beard presented safety and security concerns in the prison environment. ROA.466. For example, beards do not allow a correctional officer to properly wear a gas mask, long locks of hair could be used against a correctional officer if an offender overpowered the officer, and contraband items cannot easily be detected in long locked, waist-length hair. ROA.466. Hebrew chose not to cut his hair or beard, and his employment was terminated. ROA.466.

Hebrew filed this lawsuit asserting claims for violations of the Civil Rights Act of 1964 ("Title VII") based on religious discrimination and failure to accommodate by TDCJ. ROA.8-63. In response to Hebrew's claims, TDCJ filed a motion for summary judgment, arguing that Hebrew failed to show religious discrimination because TDCJ had a legitimate, non-discriminatory reason for denying Hebrew's request and Hebrew could not show that TDCJ's reasons were pretext for discrimination. ROA.462-49. TDCJ argued that Hebrew's failure to accommodate claim failed because TDCJ could not have reasonably accommodated Hebrew's request without undue hardship. ROA.462-49. The District Court granted TDCJ's motion for summary judgement, and entered a final judgment of dismissal. ROA.886. Hebrew appealed. ROA.888.

## SUMMARY OF THE ARGUMENT

Hebrew fundamentally misunderstands the framework of law surrounding his religious discrimination and failure to accommodate claims. Hebrew's appeal contends that the District Court erred in its interpretation of the *McDonnell Douglas* test and that TDCJ did not produce any evidence to support a legitimate, non-discriminatory reason for its grooming policies. Hebrew contends that the District Court erred in dismissing his case based on his failure to show TDCJ's grooming policies were pretext for religious discrimination.

TDCJ maintains strict grooming policies for correctional officers, which are designed to promote officer safety and prison security. Given these grave safety and security considerations, the District Court appropriately found TDCJ's grooming policies served a legitimate, non-discriminatory purpose. Pursuant to the *McDonnell Douglas* framework, once TDCJ articulated a legitimate, non-discriminatory reason for its grooming policies, the burden shifted to Hebrew to show that TDCJ's grooming policies were pretext for religious discrimination. As the District Court correctly noted, Hebrew failed to present competent evidence, beyond conclusory statements pertaining to his personal beliefs, that TDCJ's grooming policies were pretext for religious discrimination. On appeal, Hebrew continues to make nothing more than conclusory assertions, and does not address that well-established caselaw shifts the burden to him to show that TDCJ's legitimate non-discriminatory reason for terminating him were mere pretext.

Additionally, Hebrew contends that the District Court erred because TDCJ did not reasonably accommodate him. Hebrew continues to ignore that there was no obligation for TDCJ to reasonably accommodate him if doing so would have caused TDCJ undue hardship. Hebrew's religious accommodation request was denied because accommodating him would have created serious safety and security issues that would have affected other correctional officers and the entire prison unit. Thus, the District Court agreed that TDCJ could not have reasonably accommodated Hebrew's request without undue hardship. Hebrew argued that TDCJ's refusal to accommodate was sufficient to establish liability. The District Court properly found that Hebrew's contention was incorrect, and Hebrew failed to present a genuine issue of material fact as to whether his religious beliefs could have been reasonably accommodated by TDCJ. Hebrew's appeal makes the same faulty contention.

Accordingly, summary judgment for TDCJ was appropriate and should be affirmed by this Court.

## ARGUMENT

This Court reviews the District Court's grant of summary judgment *de novo*, applying the same legal standards as the District Court. *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 576 (5th Cir. 2020). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986).

After the movant has presented a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with "significant probative evidence" that there exists a genuine issue of material fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* The evidence and all justifiable inferences are viewed in the nonmovant's favor. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). However, conclusory, and unsubstantiated allegations are insufficient to defeat a summary judgment motion. *Id.*

## A. Hebrew failed to present evidence that TDCJ's grooming policies were pretext for religious discrimination.

The *McDonnell Douglas* framework applies when a defendant moves for summary judgment on claims of discrimination under Title VII based on circumstantial evidence. *Turner v. Kan. City S. Ry. Co.*, 675 F. 3d 887, 892 (5th Cir. 2012) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, the plaintiff must first establish a prima facie case of discrimination. *Id.* (citing *Mayberry v. Vought Aircraft Co.*, 55 F. 3d 1086, 1089 (5th Cir. 1995)). To establish a prima facie case of religious

discrimination, the plaintiff must show: 1) he held a bona fide religious belief, 2) his belief conflicted with a requirement of his employment, 3) his employer was informed of his belief, and 4) he suffered an adverse employment action for failing to comply with the conflicting employment requirement. *Tagore v. U.S.*, 735 F.3d 324, 329 (5th Cir. 2013) (citing *Bruff v. N. Miss. Health Servs., Inc.*, 244 F.3d 495, 499 n.9 (5th Cir. 2001)). If the plaintiff meets this burden, the burden then shifts to the defendant who must produce evidence that the adverse employment decision was based on a legitimate, non-discriminatory reason. *Turner*, 675 F.3d at 892 (citing *Mayberry*, 55 F.3d at 1089). Should the defendant carry this burden, the burden shifts back to the plaintiff to show the defendant's proffered reasons are a pretext for discrimination. *Id.* (citing *Mayberry*, 55 F.3d at 1089).

TDCJ did not concede that Hebrew could establish a prima facie case, but argued that even assuming he could, TDCJ had a legitimate non-discriminatory reason for the adverse employment decision, i.e., denying Hebrew's religious accommodation request and subsequently terminating him. ROA.470. The District Court found that Hebrew established a prima facie case of religious discrimination. ROA.880. Thus, the burden shifted to TDCJ to produce a legitimate, non-discriminatory reason for the adverse employment decision against Hebrew. *Turner*, 675 F.3d at 892 (citing *Mayberry*, 55 F.3d at 1089).

As summary judgment evidence, TDCJ produced the export report of Richard Babcock, the Director III of the Correctional Institutions Division of TDCJ, who

worked in the criminal justice field for over twenty-four years, held every security position within the prison system, and served as a Senior Warden on three different TDCJ units. ROA.470; ROA.544-561. As the District Court recognized, long hair and beards present serious safety and security concerns for a prison. ROA.880-881. For example, beards–especially long beards—do not allow a correctional officer to properly wear a gas mask if chemical agents are needed to subdue offenders and long locks of hair could be used against a correctional officer as a means to cease control of and cause serious injury to an officer. ROA.466; ROA.881.

Further, TDCJ searches everyone who enters the prison unit, including employees, to prevent contraband, like weapons and drugs, from being brought into the prison, and contraband items cannot be easily detected in long locked, waist-length hair or long beards. ROA.882. Thus, because of these grave safety and security considerations, the District Court correctly found that TDCJ articulated a legitimate, non-discriminatory purpose for denying Hebrew's request. ROA.882. Therefore, pursuant to *McDonnell Douglas*, the burden shifted *back* to Hebrew to show TDCJ's proffered safety and security reasons were pretext for discrimination. *Turner*, 675 F.3d at 892 (citing *Mayberry*, 55 F.3d at 1089).

In response, Hebrew's only argument was that TDCJ's policies "do not supersede [Hebrew's] Title VII, [First][,] and [Fourteenth] [A]mendment constitutional rights of free exercise thereof," and "are not a legitimate, non-discriminatory reason for firing [Hebrew]." ROA.661; ROA.663. The District Court noted that beyond

7

conclusory statements, Hebrew produced no evidence that TDCJ's grooming policies are pretext for religious discrimination. ROA.883.

On appeal, Hebrew continues to make conclusory assertions that "TDCJ did not produce any evidence to support a legitimate non-discriminatory reason." Hebrew Br. 9. While Hebrew may disagree with TDCJ's stated safety and security reasons for denying his request, his assertion that TDCJ did not produce any evidence is objectively false, as the record amply demonstrates that TDCJ did produce such evidence. Hebrew also seems to misunderstand his burden under established Fifth Circuit caselaw, asserting, "I did not state anywhere in my case that TDCJ's grooming policies are a pretext for religious discrimination." Hebrew Br. 9. Hebrew's brief argues instead that he asked the District Court to "cease and desist" TDCJ's "unlawful" policies. Hebrew Br. 9. Now, on appeal, Hebrew concludes that TDCJ's actions were pretextual, without providing evidence of pretext. Hebrew Br. 12, 15, 22.[1] The case law is clear that conclusory, and unsubstantiated allegations are insufficient to defeat a summary judgment motion. *Eason*, 73 F.3d at 1325.

The District Court correctly found that Hebrew produced no evidence that TDCJ's grooming policies were pretext for religious discrimination and that Hebrew

---

[1] To the extent Hebrew argues racial discrimination as evidence of pretext on appeal, Hebrew made the same arguments in his response to TDCJ's Motion for Summary Judgment and the District Court found that Hebrew did not raise a claim of racial discrimination in his Original Complaint and only raised it in his response, granting TDCJ's motion to strike the unpled claim. ROA.821-822, 864-867, 877, 886.

failed to carry his burden under the *McDonnell Douglas* framework. ROA.883. Therefore, the District Court's grant of summary judgment regarding Hebrew's religious discrimination claim should be affirmed by this Court.

### B. Hebrew failed to present a genuine issue of material fact as to whether his religious beliefs could have been reasonably accommodated by TDCJ.

A prima facie case for failure to accommodate claim under Title VII requires a showing that: 1) the plaintiff had a bona fide religious belief that conflicted with an employment requirement, 2) the plaintiff informed the employer of his belief, and 3) the plaintiff was discharged for failing to comply with the conflicting employment requirement. *Antoine v. First Student, Inc.*, 713 F. 3d 824, 831 (5th Cir. 2013) (quoting *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 273 (5th Cir. 2000)). Once a plaintiff makes this showing, the burden then shifts to the defendant to demonstrate either: 1) it reasonably accommodated the employee, or 2) it was unable to reasonably accommodate the employee's needs without undue hardship. *Antoine*, 713 F.3d at 831 (citing *Ansonia Bd. of Educ. v. Phillbrook*, 479 U.S. 60, 68-69 (1986)). Undue hardship exists, as a matter of law, when an employer is required to bear more than a de minimis cost. *Weber*, 199 F.3d at 273 (citing *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977)). Requiring coworkers to perform extra work to accommodate a plaintiff's religious practices may be considered a de minimis cost. *Tagore*, 735 F.3d at 330.

TDCJ did not concede that Hebrew could establish a prima facie case for failure to accommodate, but argued that even assuming he could, TDCJ could not have

reasonably accommodated him without incurring undue hardship. ROA.476. The District Court found that Hebrew established a prima facie case of failure to accommodate. ROA.884. Thus, the burden shifted to TDCJ to demonstrate it either reasonably accommodated Hebrew or was unable to reasonably accommodate Hebrew without undue hardship. *Antoine*, 713 F.3d at 831.

As the District Court discussed, Hebrew's religious accommodation request was denied because accommodating him would have created serious safety and security issues that would have affected other correctional officers and the entire prison unit. ROA.884-885. For instance, long hair and beards could be used to introduce contraband into the prison, which in turn, would create additional work for security personnel who must search officers before granting them entrance into the prison. ROA.885. Allowing a correctional officer to have long hair and a long beard would interfere with properly wearing a gas mask in the event chemical agents must be deployed, which would create more work, and potentially more danger, for other officers responding to the incident. ROA.885.

The District Court noted that Hebrew failed to address or even acknowledge these important concerns in his response. ROA.885. The District Court also found that Hebrew's contention that TDCJ's refusal to accommodate was sufficient to establish liability was incorrect, and Hebrew failed to present a genuine issue of material fact as to whether his religious beliefs could have been reasonably accommodated by TDCJ.

10

ROA.885-886. Thus, the District Court properly found that TDCJ could not have reasonably accommodated Hebrew's request without undue hardship. ROA.885.

On appeal, Hebrew incorrectly claims TDCJ did not provide the District Court with evidence to support its alleged claim of undue hardship. Hebrew Br. 16. The record amply demonstrates that TDCJ did produce such evidence, as discussed above. Although Hebrew acknowledges that an undue hardship determination should consider the nature of the accommodation needed, the effect on resources of the facility, and the type of operation of the employer, he mistakenly also relies on inapplicable standards of undue hardship under the Americans with Disabilities Act, the Rehabilitation Act, what appears to be a House of Representatives legislative session, and outdated case law from the Second, Sixth and Seventh Courts of Appeals. Hebrew Br. 16-19. Hebrew also wrongly argues that the District Court should have required TDCJ to provide its net worth "to prove TDCJ's allegation of undue hardship is false," citing to the Texas Civil Practice and Remedies Code. Hebrew Br. 20-21.

Because Hebrew has not shown that TDCJ could have reasonably accommodated his religious accommodation request without undue hardship, summary judgment for TDCJ regarding Hebrew's failure to accommodate claim was appropriate and should be affirmed by this Court.

## CONCLUSION

The District Court properly dismissed Hebrew's claims of religious discrimination and failure to accommodate. For the foregoing reasons, this Court should affirm the decision of the District Court.

SUBMITTED BY:

*/s/ Marlayna M. Ellis*
**MARLAYNA M. ELLIS**
*Assistant Attorney General*
*Attorney of Record for Appellee*

## NOTICE OF ELECTRONIC FILING

I, **MARLAYNA M. ELLIS**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above in accordance with the Electronic Case Files System of the United States Fifth Circuit Court of Appeals on December 13, 2022.

*/s/ Marlayna M. Ellis*
**MARLAYNA M. ELLIS**
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I, **MARLAYNA M. ELLIS**, Assistant Attorney General of Texas, certify that a true copy of the above has been served by placing in the U.S. Mail, postage prepaid, certified mail, addressed to:

Elimelech Hebrew  **Certified Mail No. 7018 0680 0001 3687 8755**
306 N Forest Blvd.
Houston, Texas 77090
***Pro Se* Appellant**

/s/*Marlayna M. Ellis*
**MARLAYNA M. ELLIS**
Assistant Attorney General
Attorney of Record for Appellee

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), and 5th CIR. R. 32.1:  this document contains 2,679 words.

2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Garamond font.

/s/ *Marlayna M. Ellis*
**MARLAYNA M. ELLIS**
Assistant Attorney General
Attorney of Record for Appellee