

No. 22-20517

U.S. COURT OF APPEALS
RECEIVED
**Feb 15, 2023**
FIFTH CIRCUIT

IN THE

UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

ʾĔLÌMÉLECḤ ʾŠḤMÌ ʾḤÉB̠RЁW-Appellant

VERSUS

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Defendant-Appellees

Appeal from the United States District Court

for the Southern District of Texas

Houston Division

APPELLANT'S REPLY TO APPELLE'S BRIEF

_____

ʾĔLÌMÉLECḤ ʾŠḤMÌ ʾḤÉB̠RЁW
*Pro sé* Appellant
306 N Forest Blvd.
Houston, Texas 77090
(713) 820-2041
hebrew_ceo@divineunity1.com

## TABLES OF CONTENTS

**Page**

TABLE OF CONTENTS …………………………………………………….. i

CERTIFICATE OF INTERESTED PARTIES ………………………………. ii

TABLE OF AUTHORITIES ………………………………………………… iii

CONCLUSION ……………………………………………………………. 27

CERTIFICATE OF SERIVCE ……………………………………………….. 29

CERTIFICATE OF COMPLIANCE ………………………………………… 30

## CERTIRFICATE OF INTERSTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in 5th Cir. R. 28.2.1 have an interest in the outcome of this case: These representations are made in order that the judges of this Court may evaluate possible disqualifications or recusal.

Plaintiff-Appellant:
ʾĔlìmélecḥ ʾŠĥmì ʾḤéḅrëw

Defendant-Appellees:
Texas Department of Criminal Justice (TDCJ)

*s/Elimelech Shmi Hebrew*
ʾĔLÌMÉLECḤ ʾŠĤMÌ ʾḤÉḄRËW
Pro sé counsel record for Appellant,

# TABLE OF AUTHORITIES

## *Cases*

*Amedisys, Inc. v. Kingwood Home Health Care, LLC, 437 S.W.3d 507, 511 (Tex. 2014)*……………………………………………………………………………7

*Anderson v. Liberty Lobby, Inc. - 477 U.S. 242, 106 S. Ct. 2505 (1986)* ………..1

*Antoine, v. First Student, Inc., 713 F. 3.d 824 (5th Cir.2013)*………………………1

*Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528-29 (2d Cir. 1985)*…………………………………………………………………………………4

*Bruff V. North Mississippi Health Services Inc* ………………………………10, 12

*Brown v. Wal-Mart Stores East, L.P. Weber v. Roadway Express, 199 F.3d 270 (5th Cir.2000)* ………………………………………………………..…1, 24

*Burton v. Freescale Semiconductor, Inc., 798 F.3d 222, 239-40 (5th Cir. 2015)* …………………………………………………………………………… 2, 11

*Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen, 525 S.W.3d 671, 695 (Tex. 2017) (citing TEX. R. CIV. P. 166a(i)*…………………………………………………. 25

*Dang v. Smith (2010) 190 Cal.App.4th 646* ……………………………………4, 13

*Deffenbaugh---Williams v. Wal---Mart Stores, Inc., 156 F.3d 581, 589---90 (5th Cir. 1998)* ……………………………………………………………………. 2,10

*Doe ex rel. Doe v. Lower Merion Sch. Dist., 665 F.3d 524, 548 (3d Cir. 2011)* ……………………………………………………………………………….. 9

*Equal Employment Opportunity Commission v. Abercrombie & Fitch Stores, Inc,*………………………………………………………………………… 8,9

*Eversley, 843 F.2d at 176* ………………………………………………….….1

*Gallagher v. Magner, 619 F.3d 823, 833 (8th Cir. 2010)* ……………………… 9

*Gay, 694 F.2d at 555-56. See Pac. Shores Props., 730 F.3d at 1158 n.21* ……9

*Gen. Bldg. Contractors Ass'n, Inc., 458 U.S. 375, 391 (1982)* …………….....9

*Gertz v. Robert Welch, Inc. (1974)* ………………………………………….12

*Goudeau v. National Oilwell Varco, L.P.*, 793 F.3d 470 (5th Cir. 2015………. 2, 14

*Haire v. Board of Sup'rs of La. State Univ. Agricultural & Mech. Coll.*, 719 F.3d 356, 365 n. 10 (5th Cir. 2013) …………………………………………………...3, 13

*Hallmark Developers, Inc. v. Fulton Cty.*, 466 F.3d 1276, 1283-84 (11th Cir. 2006)…………………………………………………………………...………………9

*Hardison*, 432 U.S. at 73, 97 S.Ct. 2264 ……………………………………….. 1

*Harvest House Publishers v. Local Church*, 190 S.W.3d 204, 210 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)……………………………………….. 14

*Haywood v. Bureau of Immigration*, 372 Fed.Appx. 122, 124 (2d Cir.2010)……. 4

*Heater v. Southwood Psychiatric Ctr.* (1996) 42 Cal.App.4th 1068, 1079, fn. 10.)………………………………………………………………………………….5

*Hebrew v. Gonzalez 0:2021cr20585*………………………………………………..21

*Ion v. Chevron*, 731 F.3d 379 (5th Cir. 2013). ………………………………..2, 10

*Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015)….7

*Kawaljeet K. Tagore v. United States of America* …………………………………10

*Lauderdale v. Texas Dept. of Criminal Justice, Instit. Div.*, 512 F.3d 157, 166 (5th Cir. 2007) …………………………………………………………………………..9

*Lyons v. Lindsey Morden Claims Mgmt.*, 985 S.W.2d 86, 92 (Tex. App.—El Paso 1999 no pet.) ……………………………………………………………………..4,12

*McInnis v. Alamo Comm. College Dist.*, 207 F.3d 276, 283 (5th Cir. 2000)………………………………………………………………….. 2,11,23

*Miller v. Raytheon Co.*, 716 F.3d 138 (5th Cir.2013)……………………….... 2,11

*Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 654 (Tex. 1987);……… 14

*New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 155 (Tex. 2004); …………..………14

*Patrick v. Ridge*, 394 F.3d 311 (5th Cir. 2004)………………………………… 2, 11

*Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir.1994)………………………….. 4

*Reed v. Neopost USA, Inc.,*701 F.3d 434 (5th Cir. 2012)……………..….. 2, 14, 25

*Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)…………….…. 25

*St. Mary's Honor Center V. Melvin Hicks* ……………………………………….... 19

*Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310 (Tex. 2009)* …….………... 25, 26

*Troche v. Daley (1990) 217 Cal.App.3d 403, 409, quoting Walker v. Dorn (1966) 240 Cal.App.2d 118, 120* …………………………………………………….……4

*Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565, 579-80 (2d Cir. 2003)* ……. 9

*Turner v. Kan. City S. Ry. Co., 675 F.3d 887, 892 (5ᵗʰ Cir.2012) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973))* …………………………………….5

*Vattel, liv. 3, c. 3, 32* …………………………………………………………...2,10

## Statutes

*18 U.S.C. § 1519 State laws* …………………………………………….……….11

*42 U.S.C. § 2000e-16* ……………………………………………………………. 7

*5 U.S.C. § 901 et seq* ……………………………………………………….……7

*Civil Rights Act of 1964 (Title VII)* ……………………………………………….21

*Texas Government Code §497.002* …………………………………………….. 21

*29 U.S. Code § 1452* ……………………………………………………………..25

## Rules

*Tex. R. Civ. P. 8* ……………………………………………………………. 25

*Tex. R. Civ. P. 166a* …………………………………………………….…… 25, 27

*Tex. R. Civ 56* ……………………………………………………………………1

## DISPUTING TDCJ'S AUTHEORITIES CASES

ʾḤeḇrëw Appellant's reply to appellee's brief. I provided the Court with a deposition, an affidavit, and other admissible evidence in the record an appendix to the brief. The citations refer to pages, similarly, specifying where the relevant information can be found in the supporting evidence. In accordance with Rule 56-1(A) citations to supporting facts that preclude summary judgment. ʾTôräh is the standard of law this nation basis its creed "In God We Trust" so let it be. I declare have not, bear false witness against any person(s) or government entities in my Title VII claim. I began with TDCJ's authority's cases. In *Anderson v. Liberty Lobby, Inc.* - 477 U.S. 242, 106 S. Ct. 2505 (1986). The U.S. Court of Appeals for the Second Circuit reversed and remanded the case. In *Antoine, v. First Student, Inc*., 713 F. 3.d 824 (5th Cir.2013). The district court's grant of summary judgment in favor of *First Studen*t was VACATED, and the matter was REMANDED. See e.g., *Hardison*, 432 U.S. at 73, 97 S.Ct. 2264; and *Eversley*, 843 F.2d at 176 ("[S]imply because the proposed accommodation would involve some cost to the employee does not make it unreasonable.") (citing Hardison). See, e.g., *Brener*, 671 F.2d at 145-46. In *Brown v. Wal-Mart Stores East, L.P. Weber v. Roadway Express*, 199 F.3d 270 (5th Cir.2000). Unlike *Weber v. Roadway Express* I filed two requests for religious accommodations both DENIED.[1]

---

[1] ROA.659 & ROA.747

## DISPUTING TDCJ'S STATEMENT OF THE ISSUES

1. The TDCJ authorities' cases did not provided a legal nondiscrimination reason for fire me violating Title VII. TDCJ's dispute undue hardship is pretextual lie. Pursuant with *Patrick v. Ridge*, 394 F.3d 311 (5th Cir. 2004). *Ion v. Chevron*, 731 F.3d 379 (5th Cir. 2013). See also *Deffenbaugh---Williams v. Wal---Mart Stores, Inc.*, 156 F.3d 581, 589---90 (5th Cir. 1998) 169 F.3d 215 (5th Cir. 1999), and opinion reinstated on rehearing, 182 F.3d 333 (5th Cir.1999). *Miller v. Raytheon Co.*, 716 F.3d 138 (5th Cir.2013). See also *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 239-40 (5th Cir. 2015), *McInnis v. Alamo Comm. College Dist.*, 207 F.3d 276, 283 (5th Cir. 2000); *Vattel*, liv. 3, c. 3, 32; *McInnis v. Alamo Comm. College Dist.*, 207 F.3d 276, 283 (5th Cir. 2000). *Haire v. Board of Sup'rs of La. State Univ. Agricultural & Mech. Coll.*, 719 F.3d 356, 365 n. 10 (5th Cir. 2013). *Reed v. Neopost USA, Inc.*, 701 F.3d 434 (5th Cir. 2012); *Goudeau v. National Oilwell Varco, L.P.*, 793 F.3d 470 (5th Cir. 2015). These cases prove pretext or lie.

2. The court erred granting TDCJ summary judgment. My accommodation would not have caused harm to myself or other employees had TDCJ complied with Title VII law. TDCJ is liable for its adverse action of illegally firing me.

## STATEMENT OF THE CASE

The evidence of Attorney General's (AG) counsel of record Marlayna M. Ellis, and

TDCJ Director III Richard Babcock proves undue hardship dispute is pretextual lie.

Ellis, and Babcock testify TDCJ search everyone entering the prison for contraband:

> Ellis: Further, TDCJ search everyone who enters the prison unit, <u>including employees to prevent contraband</u>...”[2]

> Babcock: <u>All employees</u>, unit visitors, volunteers, and vehicles are subject to search when entering TDCJ property. <u>TDCJ</u> does not routinely search hair and beards unless there is <u>suspicion of contraband</u>.[3]

TDCJ does not routinely searches employees for contraband proves TDCJ undue hardship dispute is a pretextual lie. The fact TDCJ does not routinely search hair and beards unless there is <u>suspicion of contraband</u>[4] proves bias and discriminatory. In the statement by Mrs. Davis, “cadet H̶é̶b̶r̶ë̶w could bring contraband into the prison”[5] I am suspicions. TDCJ failing to follow its own practices is pretextual in *Smith v. Xerox Corp., 371 Fed. Appx*. 514 (5th Cir. Mar. 2010). See also *Tyler v. Unocal Oil Co. of Cal*., 304 F.3d 379, 396 (5th Cir. 2002). TDCJ Ellis’s and Babcock’s statements are a judicial admission, Texas law recognizes judicial admissions, *Lyons v. Lindsey Morden Claims Mgmt*., 985 S.W.2d 86, 92 (Tex. App.—El Paso 1999, no pet.) (citation omitted) (See also *Dang v. Smith* (2010) 190 Cal.App.4th 646). In *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir.1994), the Second Circuit held that "[a] court can appropriately treat statements in briefs as binding judicial admissions

---

[2] Appellee’s Brief pg 7
[3] ROA.462#6
[4] *Id.*
[5] ROA.659 Exhibit L

of fact." (citations omitted). *Haywood v. Bureau of Immigration*, 372 Fed.Appx. 122, 124 (2d Cir.2010) ("[A]bsent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission."); and *Bellefonte Re Ins. Co. v. Argonaut Ins. Co*., 757 F.2d 523, 528-29 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding.") The judicial admission is not merely evidence of a fact; it is a conclusive concession of the truth of a matter which has the effect of removing it from the issues…." (*Troche v. Daley* (1990) 217 Cal.App.3d 403, 409, quoting *Walker v. Dorn* (1966) 240 Cal.App.2d 118, 120; *Heater v. Southwood Psychiatric Ctr*. (1996) 42 Cal.App.4th 1068, 1079, fn. 10.).

### I ʾH̱ēḇrëw Proved A Prima Facie Case

TDCJ states *Turner v. Kan. City S. Ry. Co*., 675 F.3d 887, 892 (5th Cir.2012) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). "Under this framework, the plaintiff must first establish a prima facie case of discrimination. *Id*. The district court affirmed I established a prima facie case.

> The TDCJ does not "dispute" Hebrew has made the requisite showing for a "prima facie" case of his failure to accommodate claim. Thus, the Court finds Hebrew established a prima facie case of failure to accommodate his religious beliefs.[6]

---

[6] ROA.872

4

TDCJ no <u>dispute</u> of my prima facie case of failure to accommodate claim. TDCJ no <u>dispute</u> of my prima facie case of failure to accommodate my religious beliefs is a judicial admission.[7] TDCJ on page six paragraph two argue:

> TDCJ did not <u>concede</u> that Hebrew could establish a prima facie case…The district court affirmed I established <u>a prima facie</u> cases.

TDCJ did not <u>concede</u> or <u>dispute</u> I established a prima facie case is a judicial admission[8]. TDCJ did not provided a legitimate, nondiscriminatory reason for its adverse action of firing me from my Correctional Officer II position. TDCJ undue hardship has been proven to be false and pretextual concealing the true reason for TDCJ's violation of my Title VII rights.

***TDCJ Falsify Summary Judgment Evidence***

TDCJ produced the export report of "<u>Richard Babcock, the Directory III of the Correctional Institution Division of TDCJ</u>," who worked in the criminal justice field for over twenty-four years, held every security position within the prison system, and served as a Senior Warden on three different TDCJ unity…As the District Court recognized, long hair and beards present serious safety concerns for a prison.[9] TDCJ assertion is false agreeing to Richard Babcock affidavit, his position affirmed:[10]

# Expert Report Of Richard Babcock
CORRECTIONAL INSTITUTIONS, DIRECTOR III OF LAUNDRY, FOOD AND SUPPLY

---

[7] Appelle's Brief page 6
[8] *ROA.462*
[9] Appellee's Brief page 6 -7
[10] ROA.462 Exhibit E

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

TDCJ falsely claim Babcock was the Directory III of the Correctional Institution Division of TDCJ.[11] TDCJ false attempt to deceive the Court to believe Babcock's position with TDCJ the Directory III of the Correctional Institution Division of TDCJ a lie. Babcock and Judge Hittner recognized my ʾH̱ébr̠ëw ʾNäzárìte vow ʾhôlylockš and beard present serious safety concerns. Babcock and Hittner should have recognized Congress wrote Title VII to protect my religious and constitutional rights to wear my ʾH̱ébr̠ëw ʾNäzárìte vow ʾhôlylockš.[12] Babcock duty under Title VII was to protect my right to reasonable accommodation. TDCJ has a legal duty to provide reasonable accommodations aware I had a religious need. Should have reassigned me in compliance with Title VII law and TDCJ policies. Adhering to the U.S. Department of Labor (DOL) religious accommodation there would not be false undue hardship.[13] Hittner knowing the law intentionally dismissed my Title VII claim. TDCJ neglected its legal duty to protect my religious rights under Section 717 of Title VII as amended, 42 U.S.C. § 2000e-16; Reorganization Plan No. 1 of 1978, issued pursuant to 5 U.S.C. § 901 et seq.; Executive Order 11748. I meet the requisites for the Court to disprove or raise an issue of material fact that would preclude summary judgment pursuant *with Katy Venture, Ltd. v. Cremona Bistro*

---

[11] Appellee's brief page 6
[12] Title VII (e.g., Sikh uncut hair and beard, Rastafarian dreadlocks, or Jewish peyes (sidelocks))
[13] US Department of Labor

*Corp.*, 469 S.W.3d 160, 163 (Tex. 2015); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). TDCJ argue the court noted that beyond conclusory statements, Hebrew produced no evidence that TDCJ's grooming policies are pretext for religious discrimination.[14] The court erred in the statement. My statements go beyond conclusory, the evidence proves in fact TDCJ reason for denying me reasonable accommodation and firing is pretext or lie. TDCJ undue hardship is proven false.[15] TDCJ denied me reasonable accommodation and fired me violated my Title VII and constitutional rights goes beyond conclusory statements. TDCJ omission of it direct, adverse action to deny me reasonable accommodation for is proven to be pretextual.

### *TDCJ Knowingly And Intentionally Discriminated Against I ʾHéḇrëw*

TDCJ intentionally discrimination against me in *Equal Employment Opportunity Commission v. Abercrombie & Fitch Stores, Inc*., held that "failure to provide reasonable accommodation is intentional discrimination" "because of religious practice." The Supreme Court affirm Title VII "affirmative obligates" employers to make exceptions to neutral employment policies to accommodate religious beliefs and practices.[16] The United States Department of Justice (USDOJ) affirms generally, intentional discrimination occurs when the recipient acted, at least in part, because

---

[14] Appellee's Brief pgs 7-8
[15] ROA.462
[16] ROA.659, 747 Exhibit K

of the actual or perceived race, color, or national origin of the alleged victims of discriminatory treatment. *Doe ex rel*. *Doe v. Lower Merion Sch*. Dist., 665 F.3d 524, 548 (3d Cir. 2011). While discriminatory intent need not be the only motive, a violation occurs when the evidence shows that the entity adopted a policy at issue "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." The cumulative picture of intent presented by both types of evidence together in the Title VII context, see *Gay*, 694 F.2d at 555-56. See *Pac. Shores Props*., 730 F.3d at 1158 n.21; see also *Gallagher v. Magner*, 619 F.3d 823, 833 (8th Cir. 2010); *Hallmark Developers, Inc. v. Fulton Cty*., 466 F.3d 1276, 1283-84 (11th Cir. 2006) (same); *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 579-80 (2d Cir. 2003). Simon sues Harris County for intentional racial discrimination in violation of §1981 and Title VII. *See Gen. Bldg. Contractors Ass'n, Inc*., 458 U.S. 375, 391 (1982); *Lauderdale v. Texas Dept. of Criminal Justice, Instit. Div*., 512 F.3d 157, 166 (5th Cir. 2007). Intent may be inferred from circumstantial evidence. *Baltazor v. Holmes*, 162 F.3d 368, 376-77 (5th Cir. 1998) In *Equal Employment Opportunity Commission v. Abercrombie & Fitch Stores, Inc.,* The Supreme Court affirmed to prevail in a disparate-treatment claim, an applicant need show only that his need for an accommodation was a motivating factor in the employer's decision. I proved disparate treatment; I had a need for an accommodation and it was a motivating factor in TDCJ's decision. The evidence proves I satisfied the three prong

requirements to prevail in a *prima facie* case of religious discrimination. Established in *Bruff V. North Mississippi Health Services Inc*: a prima facie case of religious discrimination is established when an employee can show that: (1) he or she had a bona fide religious belief that conflicted with an employment requirement; (2) the employer was informed of that belief; and (3) the employee was discharged for failing to comply with the conflicting employment requirement[17]. Title VII, EEOC and DOL validate my religious right to wear my ˈH̄éb̲r̈ëw ˈN̈äz̲árìte vow ˈhôlylockš and beard. Title VII is the basis in *Kawaljeet K. Tagore v. United States of America, Tagore* was protected by her Sikh faith to wear a Sikh kirpan (symbolic miniature sword) into the federal IRS building, here in Houston, Texas. It is suspicious how TDCJ asserted Title VII in the letter <u>DENIED with no further actions.</u> TDCJ, despite Title VII intentionally denied me reasonable accommodation and fired me makes TDCJ advert actions highly suspicious circumstances pretextual in *Ion v. Chevron, 731 F.3d 379 (5th Cir. 2013)*. See also *Deffenbaugh---Williams v. Wal---Mart Stores, Inc*., 156 F.3d 581, 589---90 (5th Cir. 1998) 169 F.3d 215 (5th Cir. 1999) 182 F.3d 333 (5th Cir.1999). I asserted TDCJ denied me reasonable accommodation was pretextual in *Vattel, liv*. 3, c. 3, 32. TDCJ unlawfully action of tampering evidence my evaluation and personal integrity scores.[18] Altering my applicant

---

[17] ROA.659, ROA747 Exhibit T-5
[18] ROA.659, ROA.747 Exhibit B

tampering evidence is criminal under 18 U.S.C. § 1519 State laws. *Abrams v. Dep't of Pub. Safety*, 856 F.Supp.2d 402, 411–12 (D.Conn.2012). EEOC's Kara Haden declared "No employee should be forced to choose between his faith and his job." "The EEOC will defend people's religious rights under federal employment law."[19] The EECO investigator Nalkio Mitchell disclosed evidence of TDCJ employee made erroneous statements an element TDCJ neglected its duty of managing my firing.[20] TDCJ statements pretextual in *Miller v. Raytheon Co*., 716 F.3d 138 (5th Cir.2013). See also *Burton v. Freescale Semiconductor, Inc*., 798 F.3d 222, 239-40 (5th Cir. 2015) (holding that a jury may view "erroneous statements in [an] EEOC position statement" as "circumstantial evidence of discrimination."); *McInnis v. Alamo Comm. College Dist*., 207 F.3d 276, 283 (5th Cir. 2000). The statement made by TDCJ Sergeant Ching "I cannot work for TDCJ with my long hair" as the evidence proves.[21] Ching's statement is pretextual pursuant with *Patrick v. Ridge*, 394 F.3d 311 (5th Cir. 2004). In *Patrick*, the Fifth Circuit found that "a hiring official's subjective belief than an individual would not 'fit in' or was 'not sufficiently suited' for a job is at least as consistent with discriminatory intent as it is with nondiscriminatory intent . . .." *Id*.at 318. TDCJ animus against me illegally removed

---

[19] ROA.347pg 30
[20] ROA.659, ROA.747 Exhibit W
[21] ROA.8

me from the other cadets.[22] Disparate treatment is a violation of my Title VII. TDCJ

animus against me illegally removed me from its premises.[23]  TDCJ fired me after

only one day as my paycheck proves.[24] TDCJ act of malice is compensatory in *Gertz*

*v. Robert Welch, Inc.* (1974) that actual malice is not required for recovery of

compensatory damages but is the standard for punitive damages. I satisfied the three

prong requirements of *Bruff V. North Mississippi Health Services Inc* to prevail.

### *TDCJ's Argument Of Contraband Unsubstantiated And Defamatory*

TDCJ omission of denying me reasonable accommodation did not remove its

liability of unlawful firing me without denying or dispute is a judicial admission[25]

in Texas law recognizes judicial admissions.[26] TDCJ did not provide a legal

nondiscriminatory reason for firing me is pretextual in *Haire v. Board of Sup'rs of*

*La. State Univ. Agricultural & Mech. Coll*., 719 F.3d 356, 365 n. 10 (5th Cir. 2013).

In *Haire*, the court reversed summary judgment for the employer in a discrimination

case, and held that, "[e]vidence demonstrating that the employer's explanation is

false or unworthy of credence . . . is likely to support an inference of discrimination

even without further evidence of defendant's true motive.") (italicsin original). See

also *Rachid v. Jack In The Box, Inc*., 376 F.3d 305, 308 (5th Cir. 2004). TDCJ's Mrs.

---

[22] ROA.659 Exhibit T-3
[23] ROA.659 Exhibit H -2
[24] ROA.659
[25] Page3
[26] Appellant Response Brief Page 4

Lorie Davis' bias and stereotypically statement that I cadet ʾH́éb̲rë̈w could bring contraband [27] supported by the district court [28] "illegal drugs" etc., into the prison like unto a drug dealer smuggling the contraband "illegal drugs" etc., into the prison like a criminal placed in my ʾH́éb̲rë̈w ʾNäz̲árìte vow-ʾhôlylockš.[29] TDCJ admit all employees are checked for contraband.[30] I ʾH́éb̲rë̈w am protected under Title VII, TDCJ neglected its legal duty to protect my right to wear my ʾH́éb̲rë̈w ʾNäzárìte vow is liable for neglect. TDCJ malicious stereotypically assertion of me and contraband pretextual on the grounds of discriminatory comments:

> A. As Direct Evidence: In order for comments in the workplace to provide sufficient direct evidence of discrimination by themselves, they must be 1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the termination; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue. *See Reed v. Neopost USA, Inc*.,701 F.3d 434 (5th Cir. 2012).

> B. But As Additional Circumstantial Evidence: When offered in conjunction with other circumstantial evidence, to be probative they must merely: (1) show discriminatory animus; (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker. *Goudeau v. National Oilwell Varco, L.P.*, 793 F.3d 470 (5th Cir. 2015).

TDCJ racial stereotypical statement violates of my Title VII.[31] TDCJ malice latent stereotypical defamatory statement without precedence of a case of a ʾH́éb̲rë̈w

---

[27] ROA.659
[28] ROA.872
[29] ROA.659, ROA.747 Exhibit L
[30] Appellee's Brief pg 7
[31] ROA.659 pg 40

ʾNäz̲árìte bringing contraband, drugs etc., into a prison or anywhere. Nor did TDCJ provide the court with a case to support its argument of a ʾH̱éḇrëw ʾNäz̲árìte bring contraband into a prison. In fact, we ʾH̱éḇrëw ʾNäz̲árìtes do not use or touch criminal contraband. TDCJ defamatory statement against me initially is a question of law for the court. *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 155 (Tex. 2004); *Musser v. Smith Protective Servs., Inc*., 723 S.W.2d 653, 654 (Tex. 1987); *Harvest House Publishers v. Local Church*, 190 S.W.3d 204, 210 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). An allegedly libelous statement should be construed as a whole in light of the surrounding circumstances, considering "how a person of ordinary intelligence would perceive the entire statement." *Musser*, 723 S.W.2d at 655. I ʾH̱éḇrëw intentionally to the glory of ʾÄbbă ʾËlôh̲ìm who sent me to deliver our people from bondage, and hidden ʾônéš have never used or touched contraband.

### *TDCJ's Antishamitic Animus Bias Against I ʾH̱éḇrëw And ʾH̱éḇrëw ʾFáìth*

Marlayna M. Ellis antishamitic animus and bias made the racist dispute on my nature whether TDCJ discriminated against I ʾH̱éḇrëw the ʾăd̲ämäh̲|man or based of my ʾH̱éḇrëw ʾfáìth. Ellis's statement proves TDCJ denied my reasonable request to wear my ʾH̱éḇrëw ʾNäz̲árìte vow-ʾhôlylockš and beard and firing me, goes beyond that:

### I.  <u>NATURE</u> AND STAGE OF THE PROCEEDING

At issue is whether TDCJ discriminated against Hebrew on the basis of his religion when they denied his request for a long hair and long beard. [32]

---

[32] ROA.462

Attorney Ellis's discriminatory statement is 1.) a judicial admission[33] the TDCJ discriminated against my ʾĦéḇrëw ʾfáìṫ-religion. 2.) a judicial admission[34] the TDCJ denied my religious accommodation. 3.) a judicial admission[35] establishing TDCJ denied me on the basis of religion or ʾNäᴢárìte vow and not undue hardship. 4.) a judicial admission[36] the nature and stage of the proceeding establish the basis TDCJ denied me reasonable accommodation and fired me due to my ʾĦéḇrëw ʾfáìṫ. TDCJ with animus intentionally had digital pictures taken of me by Major Philips and degenerated them until I appeared to look like a monkey.[37] at 24:30-25:01.[38] The obvious reason for TDCJ antishamitic bias against me is because I ʾĦéḇrëw am a ʾĦéḇrëw ʾYìᴢräélìte of the ʾtrìḃé of ʾYáḥūdäḥ referred to as Jew.[39] The antishamitic resistance span nearly three decades since I made my vow to ʾÄbbǎ ʾËlôḥìm in 1995. I graduated Texas Southern University (TSU) with honors the Business Of Criminal Justice May 20, 2008.[40] I did not apply for employment in the law enforcement until eleven years after graduating TSU May 2019.[41] I was employed by HCSO and TDCJ, I was exempt from taking TDCJ written exam. I was discriminatorily and

---

[33] Appellant's Response Brief pg 4
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] ROA.659 pg 33
[38] ROA.630#1
[39] ROA.659 pg 83
[40] ROA.659, ROA.747 Exhibit 3
[41] *Id.*

unlawfully fired by HCSO and TDCJ. I was questioned in my deposition why I applied for employment with TDCJ. Timestamp 7:02[42] I applied with TDCJ and HCSO in the name ˈĔlìmélecẖ [ˈĔlôħìm ˈḲì̱ṉġ], ˈŠħmì [my name], ˈĦéḇrëw [keeper of the ˈTôräħ; he that ˈ p̄ássōvǝr]. I have the ˈNäzárìte vow on my head unto ˈĔlôħìm. With the ˈMāšìyäħ ˈĂ̱ḏ ˈäm ˈŠtär called star of David visible. I sensed it was known I was come to deliver ˈYì̱zräél and the hidden ˈônéš as appointed by ˈĔlôħìm. The HCSO defamed my "Morals"[43] and TDCJ my "Integrity"[44] without cause. TDCJ and HCSO defamatory statements vitally and critically harm me. Their words impede my ability to obtain employment here in the city of Houston, the state of Texas in the field of law enforcement.

### *TDCJ Incorporated Title VII On Its Application For Its Discrimination Defends*

TDCJ "Response To Condition Offer Of Employment" application is designed to deceive unaware employees and applicates of a protected class who check box ☑ **1**. and signed the application as I ˈĦéḇrëw did. In checking the box and signing the application TDCJ used to falsely argue I freely and knowingly agreed to be denied my Title VII rights. As TDCJ did to Muslim Officers Kayode Aggboola, Lateef Tiamiyu hundreds before, during, and after us are discriminated against. Babcock

---

[42] ROA.630#1
[43] ROA.659 pg 32-33
[44] *Id,* ROA.747

testify this is the decision TDCJ make for all faith and creeds who desire similar religious accommodation:

> The TDCJ decision to deny Mr. Hebrew's religious accommodation was because of an important and necessary security interest…That is the decision the TDCJ make for all faith and creeds who desire similar religious accommodations. [45]

TDCJ's practice of designating <u>without accommodation</u>(s) on its application is used to deny our Title VII <u>reasonable accommodation</u>.[46] Knowing my rights I supplied TDCJ two request for religious accommodation.[47] I thought nothing of it. I received the letter from TDCJ <u>DENIED without further action</u> which implied I had no right to complain against TDCJ for violating my rights. When I was questioned by AG's Heather Dyer in my deposition unbeknown to me and not identify Ellis was presents, Dyer questioned my signing the "Response To Condition Offer Of Employment" application. Dyer argued I checked box **1** and signed it. Dyer tried to incriminate me for signing TDCJ application essentially, I agreed to take the position "<u>without accommodation</u>." Thus, rescinding my Title VII constitutional right to "<u>reasonable accommodation</u>." 13:40, 14:37[48] TDCJ applies this unlawful practice on its denial letter that states the Civil Rights Act of 1964. To conceal the truth that TDCJ denied us of our Title VII rights. For the Civil Rights Act of 1964 is Title VII.[49] The court

---

[45] ROA.462#6 pg 16
[46] ROA.95
[47] ROA.659, ROA.747 Exhibit I, K
[48] ROA.630#1
[49] ROA.659, ROA.747 Exhibit N

erred in stating I did not address the grave safety concerns for myself and others working in the same unit.[50] I stated two TDCJ recruiters said it had other positions,[51] TDCJ could have placed me with Texas Correctional Industry (TCI).[52] Had TDCJ provided me reasonable accommodation there would be no issue.[53] I signed the application regarding gas mask as a matter of procedure Title VII would protect me from being placed in a non-compliant position.[54] TDCJ denied me reasonable accommodation used undue hardship to conceal its true intention for denying me reasonable accommodation to fire me. It is made copiously clear why the Supreme Court in *EEOC v. Abercrombie & Fitch Stores, Inc*., decision held failure to provide "reasonable accommodation" is intentional discrimination "because of religious practice." In *St. Mary's Honor Center V. Melvin Hicks* the Eighth Circuit reversed 970 F.2d 487 (8th Cir. 1992). The appellate court ruled that "[o]nce plaintiff proved all of the defendants' proffered reasons for the adverse employment action to be pretextual, plaintiff was entitled to judgment as a matter of law." Having proving that all of the defendants' explanations were not true, the plaintiff had satisfied his ultimate burden of persuasion that the real reason was illegal discrimination. No additional proof of unlawful motive was required.

---

[50] ROA.872 pg 14
[51] ROA.659 pgs15,16,20,67
[52] ROA.347 pg 26
[53] ROA.630#1 timestamp 33:00
[54] ROA.659

### *The Nexus Of TDCJ-EEO, HCSO And EEOC Against I Hebrew*[55]

In my Title VII Complaint, I named TDCJ, EEO Director Bryant Collier, the EEOC, EEOC Director Rayford Irving, the HCSO and Ed Gonzalez *et. al*.[56] I did not name TCI Billy Hirsch Director,[57] TDCJ the logistic department of TCI is uncovered at TCI website  https://tci.tdcj.texas.gov/info/about/default.aspx[58]  OAG the legal affairs section advice and counsel to TDCJ is exposed at:

 https://www.tdcj.texas.gov/divisions/ogc/index.html#Legal.[59] I filed a motion for default judgment against the EEO Director Bryant Collier for failing to answer the Complaint in the required time set by the court.[60] The court dismissed my default judgment motion and dismissed my case.[61] The timeline of Title VII case sheds light on the government entities involved in denying me reasonable accommodation and firing me. These entities egregious act of keeping our people ʾYìz̠räél enslaved. The Texas Correctional Industries (TCI) is a department within the Manufacturing, Agribusiness and Logistics Division of the Texas Department of Criminal Justice. TCI[62] was established in with the passage of Senate Bill 338, the Prison Made Goods Act. TCI manufactures goods and provides services for sale, on a for-profit basis, to

---

[55] ROA.181pg 36, ROA.347 pg 63
[56] ROA.8
[57] ROA.347
[58] *Lorraine v. Markel American Insurance Co*., 241 F.R.D.  534 (D. Md. 2007)
[59] *Id.*
[60] ROA.318
[61] ROA.323
[62] ROA.347

City, County,[63] state and federal agencies, public schools, public and private institutions of higher education, public hospitals and political subdivisions. TCI's statutory objectives are found in Texas Government Code §497.002, in <u>1963</u>. One year later the Civil Rights Act of 1964 (Title VII) was written into law in <u>1964</u>. The Civil Rights Act of 1964 (Title VII) also created the Equal Employment Opportunity Commission (EEOC) to enforce Title VII to eliminate unlawful employment discrimination in <u>1964</u>. One year later the EEOC opened its doors in <u>1965</u>. I stand before the Court six decades later, with a Title VII Civil Rights Act of <u>1964</u> lawsuit against the TDCJ. During my deposition AG attorney Dyer did not want to implicate that the HCSO is associated with TDCJ Timestamp 44:08.[64] TDCJ and the HCSO are linked https://www.harriscountyso.org/JailInfo/inmateinfoinmateTCDJ:[65] TDCJ link to HCSO Ed Gonzalez https://www.harriscountyso.org/AboutUs/AboutMe.[66] The court dismissed my case and all defendants implicated.[67]  I appealed the court's decision and the 5th Cir Court of Appeals dismissed my case.[68] It is apparent the criminal justice system in America has changed very little, if at all. It not arbitrary AG in my deposition terminated Dyer replaced her with dishonest Ellis.[69] Of all the

---

[63] ROA.181
[64] ROA.630#1
[65] *Lorraine v. Markel American Insurance Co*., 241 F.R.D. 534 (D. Md. 2007)
[66] *Id.*
[67] ROA.323, ROA.445, ROA.872
[68] Hebrew v. Gonzalez 0:2021cr20585
[69] ROA.613

omissions TDCJ unlawfully committed against me the government permitting TDCJ to intentionally discriminate against we ʾYìzräél, blacks and minority employees and applicants of our ordained, inherited, indivisible ʾËlôħìm birth and constitutional rights is worst. How the government by and through the unlawful use of the Civil Rights Act of 1964 "Title VII" to discriminate against our people. When the Civil Rights Act of 1964 "Title VII" was initiated out of repentance and love. In a nationally televised address on June 6, 1963, President John F. Kennedy urged the nation to take action toward guaranteeing equal treatment of every American regardless of race. Five months after J. F. Kennedy's address to the nation, Kennedy was martyred in November of 1963. The vision President John Franklin Kennedy (JFK) envisioned for the further of America to implement what is the Civil Rights Act of 1964 "Title VII" to protect our people the ʾYìzräél, blacks and minorities. Kennedy's proposal culminated in the Civil Rights Act of 1964. Evil red handed Johnson signed it into law on July 2, 1964. Johnson turned Title VII from the original idea to continue slavery through the prison industry complex. Title VII is used to protect the TDCJ, EEO, EEOC, HCSO and the OAG is designated to protect TDCJ and governments interest in the criminal justice system, law enforcement, prisons, and jails. The government designed a loophole in the Civil Rights Act of 1964 that is (Title VII) that keep we ʾYìzräél in bondage. The government designed a loophole (clause) in the 13th amendment that keeps we ʾYìzräél golem|chattel. I requested the

20

court order TDCJ "Cease and Desist" its unlawful, practices.[70] In my complaint against TDCJ the EEOC did not provide me TDCJ "Position Statement"[71] required by law. I was informed by the Department of Justice (DOJ)[72] I would be sent TDCJ position statement I did not received it. EEOC actions unlawful and pretextual in *McInnis v. Alamo Comm. College Dist*., 207 F.3d 276, 283 (5th Cir. 2000). I request the court of the nexus between TDCJ and EECO.[73] In *United States v. Aguilar, 515 U.S. 593* (1995). The Fourth Circuit, joining the Fifth and Eleventh Circuits, held that knowledge is an essential element of an obstruction-of-justice charge under 18 U.S.C. § 1512(c). Antishamitic sentiments is instigates against we the ʾḤébrëw ʾYìẓräélìtes referring to us as black Jews.[74] With the malicious intent to humiliate, and disassociate us as the children of ʾYìẓräél. I ʾḤébrëw declare I am the ʾṣ́éed̲ of ʾÁbräḧäm, a ʾḤéb̲rëw of the ʾḤéb̲rëws and ʾYìẓräélìte of the ʾtrìbé of ʾYáḧūdäḧ with the vow; as touching the ʾTôräḧ, a ʾscrìbe. My ʾḤébrëw ʾäwkẖ the ʾsẖlìkẖ ʾSẖäül had a vow, was a ʾḤéb̲rëw of the ʾḤéb̲rëws a ʾYìẓräélìte of the ʾtrìbé of ʾBányäḧmém ʾṣ́éed̲ of ʾÁbräḧäm as ʾSẖäül declared as written:

> Acts 18:18 ʾSẖäül after this tarried there yet a good while, and then took his leave of the brethren, and sailed thence into Syria, and with him Priscilla and Aquila; having shorn his head in Cenchrea: for he had a vow.
> 2 Corinthians 11:22 Are they ʾḤéb̲rëws? so am I. Are they ʾYìẓräélìte? so am I. Are they the ʾṣ́éed̲ of ʾÁbräḧäm? so am I.

---

[70] ROA.659 pg 84
[71] ROA.347
[72] *Id.*
[73] ROA.347, ROA.659
[74] ROA.659

Philippians 3:5 Circumcised the eighth day, of the stock of ʿYìẕräél, of the ʿtrìbé of ʿBányäḥmém, an ʿḢéḇrëw of the ʿḢéḇrëws; as touching the ʿTôräh, a Pharisee. No one maliciously humiliate, ʿŠ̌häül calling him a black ʿBányäḥmémìte.

### *The Court Erred In Granting TDCJ's Summary Judgment*

TDCJ argues *Brown v. Wal-Mart Stores East, L.P. Weber v. Roadway Express*, 199 F.3d 270 (5th Cir.2000). The issue of mount in controversy, exclusive of interest of costs the amount pursuant with the Class Action Fairness Act (CAFA), a district court only has jurisdiction over a class action if the amount in controversy exceeds $5,000,000. *Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc.*, 938 S.W.2d 743, 747, district courts also have jurisdiction in civil matters with a minimum monetary limit but no maximum limit. Texas' statutory cap does not foreclose a constitutional review for excessiveness. *Mission Res., Inc. v. Garza Energy Trust*, 166 S.W.3d 301 (Tex. App.—Corpus Christi 2005, no pet.).[75] TDCJ did not provide me the "Net worth" TDCJ and TDCJ|EEO Bryan Collier required pursuant with S.B. No. 735 AN ACT. Section 1. 41.001, Civil Practice and Remedies (7-a) "Net worth" Section 2. Chapter 41., adding Section 41.0115.[76] The district court erred by not sanctioning Marlayna Ellis. I have requested several times to sanction Ellis for violating the Court Orders to provide me notice of filing pursuant with Tex. R. Civ. P. 8. Civil Practice and Remedies Code Title 2. Chapter 10 Sec.

---

[75] ROA.659
[76] ROA.659 pg 81

10.004. Violation: Sanction (a)(b)(c) (1) (2) (3), Sec. 10.005 and 29 U.S. Code § 1452 - Penalty for failure to provide notice[77]. TDCJ failed to establish each element of its own claim for its summary judgment motion. The movant must identify the grounds for the motion. *Id.*; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The motion also must state the elements for which there is no evidence. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017) (citing TEX. R. CIV. P. 166a(i)); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); see TEX. R. CIV. P. 166a cmt.—1997. *Natividad*, 875 S.W.2d at 699. The motion cannot be conclusory or generally that there is no evidence to support the claims. *Smith*, 2007 WL 2066298, at *19. *Timpte Indus., Inc.*, 286 S.W.3d at In *City of Keller*, *Id.* at 816. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing *City of Keller*, 168 S.W.3d at 822–24); see also *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)); *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam) (citing *City of Keller*, 168 S.W.3d at 822–23). TDCJ summary judgment must be supported by its proof. *Cuddihy Corp. v. Plummer*, 876 S.W.2d 424, 426 (Tex. App. Corpus Christi 1994, writ denied). TDCJ states the district court discussed, my religious accommodation request was

---

[77] ROA.613

denied…ROA.885.[78] The District Court cannot lift the burden of the movant. If the movant fails to conclusively establish the affirmative defense, the nonmovant-plaintiff has no burden to present summary judgment evidence to the contrary. *See Torres v. W. Cas. & Sur. Co*., 457 S.W.2d 50, 52 (Tex. 1970) (finding that while the plaintiff would suffer a directed verdict at a trial based on the record for failing to carry the burden of proof, the plaintiff has no such burden on defendant's motion for summary judgment); see also *Deer Creek Ltd. v. N. Am. Mortg. Co*., 792 S.W.2d 198, 200–01 (Tex. App.—Dallas 1990, no writ) TDCJ with the burden of proof must prove it is entitled to judgment by establishing each element of its own claim or defense as a matter of law or by negating an element of the nonmovant's claim or defense as a matter of law. *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex., 2016); M.*D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). TEX. R. CIV. P. 166a, notes and cmts. *Roskey v. Tex. Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex. 1982) (per curiam); *Leffler v. JP Morgan Chase Bank, N.A*., 290 S.W.3d 384, 385 (Tex. App.—El Paso 2009, no pet.). *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 457 (Tex. 2002). *FDIC v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012) (quoting *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996) (per curiam)). The evidence of my claim accomplishes the "reasonable juror" standard pursuant in *City of Keller*, the Supreme Court applies a "reasonable juror"

---

[78] Appelle Brief pg10

standard to determine whether a fact issue exists. *See infra Part 1.V.F. Buck v. Palmer*, 381 S.W.3d 525, 526, 528 (Tex. 2012) (per curiam). *Id*. at 528. TDCJ did not demonstrate the absence of a genuine dispute as to any material fact in the claim. See FED. R. CIV. P. 56(a); see also *In re Crawfish Producers*, 852 F.3d 456, 463 (5th Cir. 2017). TDCJ relies on its conclusory statements that I have not presented evidence on an essential element of my claim. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000); see also *Melton Truck Lines, Inc*., 706 F. App'x 824, 827–29 (5th Cir. 2017) *James v. State Farm Mut. Auto. Ins. Co*., 719 F.3d 447, 466 (5th Cir. 2013) withdrawn, substituted by 743 F.3d 65 (5th Cir. 2014). 1418. *Celotex*, 477 U.S. at 322–25; *Cont'l Cas. Co. v. Consol. Graphics, Inc*. 646 F.3d 210, 218 (5th Cir. 2011); *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). TDCJ did not identify the specific issue or issues on which it claims I have no supporting evidence and demonstrate the absence of such evidence. *Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp*., 673 F.3d 399, 407 (5th Cir. 2012); *Bradley v. Allstate Ins. Co*., 620 F.3d 509, 516 (5th Cir. 2010). The Fifth Circuit discussed this burden in *St. Paul Mercury Insurance Co. v. Williamson*. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000). In *Williamson*, a plaintiff asserting a RICO claim argued that the defendants did not meet their initial burden of pointing out the absence of a triable issue. *Id*. the Fifth Circuit found that the plaintiffs satisfied Rule 56(c). *Id. Price Waterhouse v.*

*Hopkins*, 490 U.S. 228, 275-79 (1989) (O'Connor, J., concurring) *Id*. at 258., *Reed v. Neopost USA, Inc*.,701 F.3d 434 (5th Cir. 2012). It was enough to prove that a protected classification was a "motivating factor" in the employer's decision. *Price Waterhouse* refers to a "motivating part," *id*. at 250, 258, while the Civil Rights Act of 1991 refers to a "motivating factor." 42 U.S.C. § 2000e-2(m) (1994). In *Price Waterhouse* the burden of proof shifted to the employer to prove that it did not discriminate. Congress mandated that the motivating factor test should be used in Title VII cases "even if other factors also motivated" the decision." See 42 U.S.C. § 2000e-2(m) (1994). In *Price Waterhouse* the case, "motivation" and causation go hand-in-hand. See 42 U.S.C. § 2000e-5(g)(2)(B) (1994).

## CONCUSION

I ʾHéḇrëw proved a prima facie the TDCJ failure to accommodate claim and the failure to accommodate his religious beliefs. TDCJ dispute of undue hardship was pretextual and false. TDCJ violated my Title VII rights not providing reasonable accommodation. TDCJ discriminated against me because it does not search hair and beards unless it deems me suspicious of contraband. TDCJ violated Title VII firing me for no legal nondiscriminatory reason. TDCJ tampered with evidence to change my scores. The TDCJ neglected its legal duty to protect my Title VII rights. TDCJ made a false statement about Babcock's position. For the reasons stated above before the Court in this my reply brief. The District Court improperly dismissed my claims of discrimination. For the foregoing reasons, this Court must vacate the decision of the District Court.

Respectfully submitted,

OF COUNSEL: ELIMEELCH SHMI HEBREW

PROSE PLANTIFF

/s/ Elimelech Shmi Hebrew

Elimelech Shmi Hebrew

306 N Forest Blvd

Houston, Texas 770903

(713) 820-2041(telephone)

Hebrew_ceo@divineunity1.com

## CERTIFICATE OF SERVICE

I CERTIFY THAT ON February 15, 2023, the foregoing document was filed in the Court's and served upon Appellant by email to Marlayna Ellis at marlayna.ellis@oag.texas.gov.

/s/Elimelech Hebrew

## CERTIFICAE OF COMPLIANCE

1. This brief complies with the type-volume limitation of <u>FED. R. APP. P. 32 (A)(7)(B)</u> because: this brief contains 13,000 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

2. This brief also complies with the typeface requirements of <u>FED. R. APP. P. 32(A)(5)</u> and the type requirements of <u>FED. R. APP. P. 32(A)(6)</u> because: this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 with a 14-point font named Times New Roman. except for footnotes, which are in 12-point Times New Roman font. Case names are in italics.

*/s/ Elimelech S. Hebrew*
ʼĔlìmélech̲ ʼŠ. ʼH̲éb̲rëw
Proše of Record for Plaintiff -
Appellant ʼĔlìmélech̲ ʼŠ. ʼH̲éb̲rëw
Dated: February 15, 2023